**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ERNIE GALARZA,

        Plaintiff,

vs.                                          Case No. 3:16-cv-1251-J-32JRK

GREENWAY AUTOMOTIVE, INC.,
d/b/a WESTSIDE NISSAN,

        Defendant.

## ORDER

This employment discrimination case is before the Court on defendant Greenway Automotive, Inc.'s Motion to Compel Arbitration of Plaintiff's Claim (Doc. 7). Plaintiff Ernie Galarza filed a response in opposition (Doc. 9) and, at the Court's request, Greenway filed a reply (Doc. 11). Galarza raises two arguments as to why he should not be compelled to arbitrate, notwithstanding the existence of his executed agreement to do so. Neither argument is persuasive.

First, Galarza claims his job as a general manager includes occasionally transporting vehicles across state lines and, because transportation workers are exempt from the Federal Arbitration Act, the Act does not apply to him. See 9 U.S.C. § 1 (act does not apply "to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce"); Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 119 (2001) ("Section 1 exempts from the FAA only contracts of employment of transportation workers."). However, the exemption does not cover employees whose

positions include only incidental travel across state lines. See Hill v. Rent-A-Center, Inc., 398 F.3d 1286, 1289-90 (11th Cir. 2005) (citing Circuit City and explaining that the exemption's "emphasis . . . was on a class of workers in the transportation industry, rather than on workers who incidentally transported goods interstate as part of their job in [another] industry" such as traveling salesmen or Mr. Hill, an employee of a furniture rental business whose duties included delivering furniture across state lines in his employer's truck).

Galarza was the general manager of a car dealership and states that he "routinely picked up cars out of state, more commonly referred to in the business as 'car swapping'" and that "in essence, at least during some days it is fair and accurate to say that [he] was a driver crossing state lines for Defendant's business . . ." See Doc. 9-1 (Declaration of Ernie Galarza) at ¶ 4. This is not enough to fall within the category of transportation workers who are exempt from the FAA. See, e.g., Hill, 398 F.3d at 1289-90; Machado v. Labor Ready Se., Inc., No. 14-24234-CIV-LENARD/GOODMAN, 2015 WL 6829061, at *5 (S.D. Fla. Nov. 6, 2015) (holding employees assigned to temporary work with rental car agency were not transportation workers); Tran v. Texan Lincoln Mercury, Inc., No. H-07-1815, 2007 WL 2471616, at *5-6 (S.D. Tex. Aug. 29, 2007) (holding that salesman for car dealership was not a "transportation worker" within the meaning of the FAA). The cases Galarza cites involved truck drivers working for trucking companies and are inapposite. Cf., Gagnon v. Serv. Trucking, Inc., 266 F. Supp. 2d 1361 (M.D. Fla. 2003), opinion vacated pursuant to settlement, 2004 WL 290743 (M.D. Fla. Feb. 3, 2004); Rosen v. Transx Ltd., 816 F. Supp. 1364 (D. Minn. 1993); Central States, Se. and Sw. Areas Pension Fund v. Tank Transp., Inc., 779 F. Supp. 947 (N.D. Ill. 1991).

Galarza's second argument is that it is inequitable for an at-will employee to be bound by an arbitration agreement. In support, Galarza relies on Lorenzo v. Prime Commc'ns, L.P., 806 F.3d 777 (4th Cir. 2015), which held that an arbitration provision contained within a handbook was not binding where the signed acknowledgment form expressly stated that the handbook did not create a contract between the employer and its at-will employee. By contrast, Galarza signed an agreement that said it was a binding agreement to arbitrate. See Doc. 7-1 ("Comprehensive Agreement Employment At-Will and Arbitration"). In light of his signed agreement to arbitrate, Lorenzo does not help Galarza. See Noffz v. Austin Maint. & Constr., Inc., No. 8:16-208-MGL-KFM, 2016 WL 4385872, at *4 (D.S.C. July 25, 2016) (explaining that Lorenzo does not stand for the proposition that an at-will employee cannot be bound by an arbitration agreement), 2016 WL 4269498 (Aug. 15, 2016) (Order adopting Report and Recommendation); Tranchant v. Ritz Carlton Hotel Co., LLC, No. 2:10-cv-233-FtM-29DNF, 2011 WL 1230734, at *4 (M.D. Fla. Mar. 31, 2011) (holding arbitration agreement enforceable against at-will employee); Albert v. Nat. Cash Register Co., 874 F. Supp. 1328, 1331-32 (S.D. Fla. 1994) (explaining that fact that the employer could terminate the contract of employment at will did not render it unenforceable and arbitration provision was therefore binding).

There is a strong federal policy favoring the enforcement of arbitration agreements. See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983); Musnick v. King Motor Co. of Ft. Lauderdale, 325 F.3d 1255, 1258 (11th Cir. 2003). Galarza signed the agreement to arbitrate all disputes arising out of his employment with Greenway. Galarza must arbitrate the claims he brings in this lawsuit.

Accordingly, it is hereby

**ORDERED**:

Defendant's Motion to Compel Arbitration of Plaintiff's Claim (Doc. 7) is **GRANTED**. The parties are compelled to arbitrate plaintiff's claims consistent with their signed arbitration agreement. This case is stayed and the Clerk shall administratively close the file subject to reopening upon motion when the arbitration proceedings are complete.

**DONE AND ORDERED** at Jacksonville, Florida this 19th day of December, 2016.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

counsel of record